UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clara Lewis Brockington, | ) | Civil Action No.: 4:16-cv-02850-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections, Angela Warren, Ginny Barr, and Toni Boone, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding pro se, has filed this action against the four above-captioned Defendants. *See* ECF Nos. 1 & 8. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  *See* R & R, ECF No. 14. The Magistrate Judge recommends that the Court summarily dismiss this action without prejudice and without issuance and service of process based on lack of subject matter jurisdiction. R & R at 1, 5. Plaintiff has filed objections to the R & R. *See* ECF No. 16.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

---

[1] The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[2]

In her pleadings, Plaintiff alleges she fell on the job and was denied workers' compensation benefits. *See* ECF No. 1 at 1-2; ECF No. 8 at 7. The Magistrate Judge recommends summarily dismissing this action for lack of subject matter jurisdiction. R & R at 3-5.

In her objections, Plaintiff asserts this "case is ready to proceed" and requests that the Court authorize service of process. ECF No. 16. She states this case should remain on the docket "and not be dismissed, due to evidence that was pointed out during an earlier hearing before another Judge"; however, Plaintiff does not identify or otherwise explain what that "evidence" is. *Id.* Significantly, Plaintiff does *not* object to the Magistrate Judge's conclusion that the Court lacks subject matter

---

[2] The Magistrate Judge's R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

jurisdiction—both federal question and diversity—over this action. *See* 28 U.S.C. §§ 1331 & 1332. The Court's review of the R & R reveals no clear error. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Although de novo review is not required in light of Plaintiff's nonspecific objections, the Court has nonetheless exercised its discretion and conducted a de novo review of the R & R. Having done so, the Court agrees with the Magistrate Judge that it lacks subject matter jurisdiction over this action and sees no reason to repeat his thorough analysis here.[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction."). Accordingly, the Court overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

## Conclusion

The Court has conducted a thorough review of the entire record, including Plaintiff's pleadings, the Magistrate Judge's R & R, and Plaintiff's objections to the R & R. *See* ECF Nos. 1, 8, 14, & 16. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections and adopts and incorporates the R & R [ECF No. 14] by reference. The Court **DISMISSES** this action

---

[3] The Court notes Plaintiff attached to her initial complaint a copy of a U.S. Equal Employment Opportunity Commission (EEOC) Dismissal and Notice of Rights, which indicates Plaintiff filed an untimely charge with the EEOC but does not specify what that charge was. However, nowhere in Plaintiff's pleadings does she allege a basis that would give rise to federal question jurisdiction under 28 U.S.C. § 1331. *See generally Beaudett*, 775 F.2d at 1278 ("Principles requiring generous construction of pro se complaints . . . do[] not require . . . courts to conjure up questions never squarely presented to them."). Her allegations only implicate state law, and she fails to state facts sufficient to establish a claim that would support the exercise of federal jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

*without prejudice and without issuance and service of process.*

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
October 24, 2016  R. Bryan Harwell
United States District Judge