UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clara Lewis Brockington, | Civil Action No.: 4:16-cv-02850-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| South Carolina Department of Corrections, Angela Warren, Ginny Barr, and Toni Boone, | |
| Defendants. | |

This matter is before the Court on Plaintiff's untimely objections to the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* ECF Nos. 36 & 38. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's amended complaint without prejudice and without issuance and service of process. *See* ECF No. 36.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which specific written objections have been filed. *Id.* However, the Court need not conduct a de

---

[1] The Magistrate Judge submitted the R & R to this Court in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of timely filed specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

Objections to an R & R must be filed within fourteen days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When service of the R & R is made by mail (as in this case), the objecting party has three additional days to file objections. *See* Fed. R. Civ. P. 6(d). A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed.[2] *See* Fed. R. Civ. P. 5(d)(2).

## Discussion

The Magistrate Judge entered the R & R on June 27, 2017, and the Clerk mailed Plaintiff a copy of the R & R that same day. *See* ECF Nos. 36 & 37. Plaintiff's objections were therefore due by July 14, 2017.[3] *Id.* However, the Clerk did not receive Plaintiff's objections until July 17, 2017. *See* ECF

---

[2] The prison mailbox rule recognized in *Houston v. Lack*, 487 U.S. 266 (1988), does not apply in this case because Plaintiff is not a prisoner. *See* 487 U.S. at 271.

[3] The R & R notified Plaintiff that "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation" and that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." R & R at 5. *See generally Green v. Reynolds*, 671 F. App'x 70–71 (4th Cir. 2016) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance."). Because Plaintiff was served by mail, she had three additional days to file objections. *See* Fed. R. Civ. P. 6(d).

2

No. 38 at 1 (timestamp by the Clerk). Thus, Plaintiff's objections are untimely, and the Court need not consider them.[4]

"[I]n the absence of a ***timely filed*** objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). The Court has reviewed Plaintiff's amended complaint and the Magistrate Judge's R & R evaluating Plaintiff's allegations. Having done so, the Court discerns no clear error and therefore will adopt and incorporate the R & R by reference.

## Conclusion

For the foregoing reasons, the Court finds no clear error and therefore adopts and incorporates

---

[4] Likewise, the Court need not consider the attachment to Plaintiff's objections because Plaintiff failed to timely object to the R & R. *See* Fed. R. Civ. P. 72(b)(3) (providing a district judge "may . . . receive further evidence" if a party has "**properly objected to**" the magistrate judge's disposition (emphasis added)); *Byrd v. Stirling*, 144 F. Supp. 3d 803, 807–08 (D.S.C. 2015) ("[T]he Court generally has no obligation to consider evidence that was not presented to the magistrate. *See, e.g.*, *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002) (noting that the phrase 'may also receive further evidence' in 28 U.S.C. § 636(b)(1) gives district courts discretion to consider or disregard evidence first proffered after the magistrate has already issued his recommendation); *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C.2010) ("While the court may receive further evidence, attempts to introduce new evidence after the magistrate judge has acted are disfavored." (citations omitted)).").

Regardless, the Court is aware that Plaintiff has attached to her objections an Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire that she alleges she completed and mailed to the EEOC on September 25, 2014 (the same month she allegedly was terminated). *See* Pl.'s Objs. at 4; ECF No. 38-1 (Intake Questionnaire). Plaintiff alleges her "charge of discrimination with the EEOC was file[d] in a timely manner." Pl.'s Objs. at 5. She further alleges the "EEOC sent [her] the 'Right to Sue Letter' approximately eight (8) months after the date of the charge." *Id.* Approximately eight months would have been May or June of 2015.

First, the Court notes the Magistrate Judge was unable to consider the Intake Questionnaire or Plaintiff's related allegations when preparing the R & R (he relied on the EEOC Dismissal dated May 10, 2016, *see* ECF No. 1-1). Second, while the Court acknowledges an EEOC intake questionnaire can constitute a charge in some circumstances, *see Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), the Court notes Plaintiff did not file the instant lawsuit until August 15, 2016—over a year after she allegedly was sent the Right to Sue Letter. *See* ECF No. 1. Thus even assuming (without deciding) that Plaintiff's purported Intake Questionnaire constituted a timely filed charge, Plaintiff is still time-barred from proceeding with her ADA and/or Title VII claims. *See* 42 U.S.C. § 2000e–5(f)(1) (providing a civil action must be filed within ninety days after the EEOC notifies the aggrieved person); *Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999) (applying § 2000e–5(f)(1) to ADA claim); *Quinn v. Watson*, 145 F. App'x 799, 800 n.* (4th Cir. 2005) (applying § 2000e–5(f)(1) to Title VII claim).

3

by reference the R & R [ECF No. 36] of the Magistrate Judge.  Accordingly, the Court **DISMISSES** Plaintiff's amended complaint [ECF No. 32] *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina                                                                s/ R. Bryan Harwell
August 2, 2017                                                                          R. Bryan Harwell
                                                                                        United States District Judge